Gary R. Bunner, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

484

Submitted on briefs, October 14, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert L. Johnson,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, December 2, 1977:

Gary R. Bunner filed in this Court a petition for review of the action of the Pennsylvania Board of Probation and Parole revoking his parole. The Board filed an answer and New Matter and Bunner replied to the New Matter. Both parties filed motions for summary judgment which are now before us for disposition. We will grant the Board's motion.

On September 30, 1968, Bunner was sentenced in the Court of Common Pleas of Washington County to a term of imprisonment of from 5 years and 6 months to 12 years. The sentence had an effective

date of February 19, 1968 and a maximum termination date of February 19, 1979. Bunner was paroled on August 19, 1973 but was declared delinquent as of September 1, 1976 because he could not be located by the Board. On November 19, 1976, he was arrested by Washington County authorities on the technical parole violation charge of failing to notify the Board of a change in residence, as well as on other criminal charges which were subsequently dismissed. The Board conducted both a preliminary detention hearing and a violation hearing. At the latter hearing, Bunner, who was represented by counsel, admitted the technical parole violation charge. He adduced evidence and made arguments tending to show that his admitted violation was a minor matter not justifying the revocation of his parole. On January 6, 1977, the Board recommitted Bunner to his original sentence and by recalculation fixed the maximum termination date as May 7, 1979. The Board thus denied Bunner credit for the time on parole during which he could not be located. Bunner was notified of the Board's action by notice dated February 15, 1977 and by a second notice dated March 7, 1977, which two notices read, respectively, as follows:

The Board of Probation and Parole at the the 1-6-77 meeting rendered the following decision in your case: Recommit as a technical parole violator and review in November, 1977. Violation of Condition 2 established. Maximum for parole violation: 5-7-79.

At the violation hearing held 12-22-76, it was established by your admission, the testimony of your agent, and evidence introduced that you violated condition 2 of your parole.

The Board, upon consideration of your case, noting your disregard for your parole obligations, ordered, in their action on 1-6-77 that

you be recommitted as a Technical Parole Violator, with review stipulated in November, 1977.

Bunner first contends that the notices fail to satisfy the constitutional due process requirement of *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), that a recommitted parolee must be given "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole," and that they also fail to comply with a Board regulation to similar effect found at 37 Pa. Code 71.2(19). The notices in this case accurately describe the evidence relied on as Bunner's admission that he had failed to notify the Board of his whereabouts. The Board's reason for revoking the parole is adequately given as Bunner's disregard for his parole obligations.

Bunner next says that the Board failed to make a full written record of the revocation proceedings in contravention of its own rules and a supposed holding of *Morrissey v. Brewer, supra.* We are unable to find any Board regulations, and Bunner cites none, supporting this contention, nor can we discern anything in *Morrissey v. Brewer* requiring such a record.

Finally, Bunner challenges the Board's denial of credit against his sentence for delinquent time spent on parole. The Board's denial was pursuant to Section 21.1(b) of the Parole Act[1] which provides in pertinent part that a recommitted technical violator:

> [S]hall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without

---

[1] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.2a (b).

credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board. . . .

Bunner says this provision is an unconstitutional delegation of judicial sentencing power because the Board's denial of delinquent time has the effect of increasing Bunner's original sentence. The argument is not new and is without merit. We have repeatedly held that a parolee possesses no right to credit for time spent on parole while in violation of the conditions of parole. *Kuykendall v. Pennsylvania Board of Probation and Parole*, 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976); *Commonwealth ex rel. Hall v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 435 (1971). The Board's recalculation of the maximum termination date of Bunner's sentence left the duration of Bunner's judicially imposed term of imprisonment unchanged. Bunner's reliance on *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942), is misplaced. There the provision of the statute held to be unconstitutional was one permitting the Board to extend the period of parole beyond the maximum term imposed by the sentence.

Accordingly, we enter the following:

ORDER

AND Now, this 2nd day of December, 1977, it is ordered that the respondent, Pennsylvania Board of Probation and Parole's motion for summary judgment be and it is hereby granted, that judgment be and it is hereby entered in favor of the respondent and against the petitioner and that the Petition for Review of Gary R. Bunner be and it is hereby dismissed.