Nathaniel Nelson, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Submitted on briefs, January 27, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Joan Saltzman,* Assistant Defender, with her *John W. Packel,* Assistant Defender, Chief, Appeals Division, and *Benjamin Lerner,* Defender, for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, April 18, 1978:

This is a petition for review filed by Nathaniel Nelson (Nelson) requesting us to set aside the determination of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical parole violator, and to release him from custody and restore him to parole on the street. By order dated October 27, 1977, we granted Nelson's motion for expedited review. The Board has raised preliminary objections in the nature of a demurrer.

Such a preliminary objection admits as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom, but not the pleader's conclusions or statements of law. *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). On October 11, 1972, Nelson was convicted of voluntary manslaughter and sentenced to three and one-half months to ten years at a state correctional institution. The effective date of that sentence was May 29, 1971. Nelson was paroled on December 30, 1976. He was arrested on July 17, 1977, and charged with aggravated assault, simple assault, recklessly endangering another person, and possession of an instrument of crime. Subsequently, these charges were dismissed, since the complainant, Nelson's brother, did not wish to press them. The Board lodged a warrant against Nelson on July 19, 1977. A preliminary hearing before a State Parole Hearing Examiner was afforded him on July 29, 1977.

At the preliminary hearing, Nelson was charged with technical parole violations of (1) failing to maintain employment, (2) possession of a deadly weapon, and (3) overt behavior of a dangerous and threatening nature. Nelson claims that evidence only as to the latter two charges was presented and that this evidence consisted solely of hearsay and his own statement that he stabbed his brother in self-defense. He also states there was no court stenographer present.

A revocation hearing before a Parole Board Hearing Officer was held on August 16, 1977. Again, no court stenographer was present, although the hearing was tape-recorded by the Hearing Officer. Nelson contends that a transcribed copy of the tape of the hearing has not been made available to him. The Board determined, on September 28, 1977, that violations of possession of a deadly weapon and overt behavior of a dangerous and threatening nature had been established and that Nelson be recommitted as a technical parole violator.[1]

Nelson's contention that a stenographic record be required at preliminary and revocation hearings in order not to preclude him from a meaningful appeal is devoid of merit. Recently, in *Bunner v. Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 483,

---

[1] The Board Action as recorded was: "Recommit as a technical parole violator. Review April, 1978, violation of conditions No. 9 and No. 10 established." Nelson advances the argument in his brief that in failing to provide a written statement setting forth the evidence relied on or the reasons for revocation, the Board failed to satisfy the requirements of *Morrissey v. Brewer*, 408 U.S. 471 (1972), or of the Rules and Regulations of the Pennsylvania Parole Board, 37 Pa. Code §71.2(19). We will not reach the merits of this argument since it is improperly before us. The Board should be reminded, however, of its duty in this matter. These requirements are necessary to insure that minimum due process be afforded the parolee. It is our conviction that a revocation order which fails to comply with these requirements must be considered defective.

379 A.2d 1368 (1977), we had the opportunity to address this issue. We stated there, and Nelson advances no new authority or argument that would lead us to decide differently here, that in the absence of any Board regulations, we are unable to discern anything in *Morrissey v. Brewer,* 408 U.S. 471 (1972), requiring such a record.

The next legal argument advanced by Nelson is that the Board erred in admitting into evidence his statement that he stabbed his brother in self-defense, having not previously established the corpus delicti of the offense. Additionally, Nelson objects to the use of hearsay evidence. A revocation hearing, however, should not be confused with a trial. The purpose of such a hearing is not to determine whether the parolee has committed a crime but whether parole is still an effective way to achieve rehabilitation and deter future criminal behavior. Consequently, it need not be conducted with the same evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts. *Commonwealth v. Kates,* 452 Pa. 102, 118, 305 A.2d 701, 710 (1973). The establishment of the corpus delicti is not required at a revocation hearing, since the thrust of the inquiry does not go to criminality. Nor should hearsay, even if objected to, necessarily be precluded from consideration. This is not to say that an examination of the reliability of such evidence should not be made. But a greater latitude in the admissibility of evidence must be allowed to determine whether the privilege of parole should continue and whether the best interests of the community are advanced in doing so.

Finally, Nelson states that the absence of his brother at the final revocation hearing resulted in his being unavailable for cross-examination and that no cause was shown for this witness's absence. As the Board correctly notes, Nelson could have called his

brother as his own witness in light of his admission that he committed the stabbing, albeit in self-defense. We cannot conclude that it was incumbent upon the Board to show good cause why the brother was not present.

The preliminary objection in the nature of a demurrer is, accordingly, sustained.

ORDER

AND Now, this 18th day of April, 1978, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole is hereby sustained and the petition for review of Nathaniel Nelson is dismissed.