398 A.2d 981

**John J. KORESKO, IV, Appellant,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE.**

Supreme Court of Pennsylvania.

Submitted Jan. 16, 1979.

Decided March 14, 1979.

John J. Koresko, IV, Hollywood, Cal., for appellant.

Robert A. Greevy, Asst. Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, John J. Koresko IV, was sentenced by the Court of Common Pleas of Montgomery County to four and one-half to ten years in prison for rape, sodomy and assault. The sentence began on November 11, 1967. Appellant was paroled and absconded from the jurisdiction. His absence constituted a technical violation of parole. He was delinquent for two years, two months and twenty-three days, after which time he was arrested and returned to prison. He was later reparoled. Appellant's maximum sentence was originally set to expire on November 11, 1977. The Pennsylvania Board of Probation and Parole, appellee here, extended the expiration date to February 4, 1980, requiring appellant to make up for the time he was delinquent. Appellant sought to be released from parole after the original expiration date, arguing that the extension violated his right to due process of law. He filed a petition for habeas corpus in

the Commonwealth Court, which found that habeas corpus did not lie and that the proper form of action was a petition for review in the nature of mandamus. It treated appellant's petition as such and proceeded to consider and reject his constitutional argument. Appellant now argues on appeal that the Commonwealth Court erred in refusing to consider his action as a petition for habeas corpus. He also continues to press his constitutional claim. At the time of his petition to the Commonwealth Court appellant was not incarcerated, and is not now incarcerated, but remains out of prison on parole in California.

■ The Commonwealth Court was correct in finding a habeas corpus action improper. The court has original jurisdiction over:

"All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court, and (ii) proceedings under the Eminent Domain Code;"

Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401, 17 P.S. § 211.401. It may issue "every lawful writ and process necessary or suitable for the exercise of . . . [its] jurisdiction," Act of January 6, 1970, P.L. (1969) 434, § 1, 17 P.S. § 211.8. In *Bethlehem Mines Corp. v. Commonwealth,* 462 Pa. 207, 340 A.2d 435 (1975), we held that the court's original jurisdiction allows it to issue writs of mandamus to administrative tribunals. Such writs are not proscribed in the manner that writs of habeas corpus are. We find that the Commonwealth Court had original jurisdiction to hear this case as an action in mandamus. Since it had original jurisdiction, appellant had a right of appeal to this court. Appellate Court Jurisdiction Act, art. II, § 203, 17 P.S. § 211.203. We see no harm to appellant in the Commonwealth Court's action.

■ The extension of the maximum sentence date was authorized by the Act of August 6, 1941, P.L. 861, § 21.1, 61

P.S. § 331.21a, added by the Act of August 24, 1951, P.L. 1401, § 5, as amended by the Act of June 28, 1957, P.L. 429, § 1, which provides that:

" . . . Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board. Such prisoner shall be subject to reparole by the board whenever in its opinion the best interests of the prisoner justify or require his being reparoled and it does not appear that the interests of the Commonwealth will be injured thereby. . . ."

Appellant's constitutional objection consists of an assertion that the extension was "arbitrary, capricious, unlawful and constitutionally infirm" under the Fourteenth Amendment. The only case he cites is *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). That case dealt with procedural requirements for the revocation of parole and is irrelevant here because this case involves the substantive question of the propriety of the extension. That question has been dealt with in this Commonwealth. *Com. ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973) involved a violation of parole by the commission of a crime. We held that it was constitutional to refuse to give the

violator credit for time spent on parole, thereby extending the date of expiration of the maximum sentence. In *Bunner v. Pa. Bd. of Prob. and Parole,* 32 Pa.Cmwlth. 483, 379 A.2d 1368 (1977), the court found that it was constitutional to refuse to give a technical parole violator credit for delinquent time, also extending the expiration date. The situation was similar to that involved here. We find that the holding was correct and that there was no constitutional violation in this case.

The order of the Commonwealth Court is affirmed.

MANDERINO, J., files a dissenting opinion.

MANDERINO, Justice, dissenting.

The majority today holds that the expiration date for appellant's original maximum sentence may be extended without any prior hearing. I must dissent.

The majority is correct when it states that appellant's constitution objection consists of an assertion that the extension of the original maximum sentence was "arbitrary, capricious, unlawful and constitutionally infirm." However the majority sweeps this argument under the rug by saying that appellant only cites *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and that "case dealt with procedural requirements for the revocation of parole and is irrelevant here because this case involves the substantive question of the propriety of the extension." (at p. 982) I disagree. In his brief, appellant states that the action of the Board of Probation and Parole was unilateral and "without benefits of safeguards and guarantees of the type dictated by the Court in *Morrissey* . . . ." The only way to interpret this argument is to find that appellant is raising the issue of his entitlement to a hearing as required by the procedural due process standards set forth in *Morrissey.*

The United States Supreme Court in *Morrissey* stated that minimum requirements of due process in revoking paroles included written notice of claimed violations, disclosure of the evidence, opportunity to be heard in person, the right to

present witnesses and evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body and a written statement by the factfinder. While *Morriseey* involved parole revocation, these same standards must apply to this appellant before his maximum sentence is extended. The process which is due appellant is the same as that which was required by *Morrissey.*