George A. Corbin, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, January 24, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*George A. Corbin, Jr.,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 18, 1979:

George A. Corbin, Jr. has filed a petition for review requesting this Court to set aside the action of the Board of Probation and Parole (Board) recommitting him for having violated the conditions of his parole (that is, as a technical parole violator) and for having been convicted of a new offense (that is, as a convicted parole violator). The Board has filed an answer and new matter to which petitioner filed a reply. Each, Corbin and the Board, has filed a motion for judgment on the pleadings. No material facts being in dispute, we may dispose of the motions.

The petitioner has alleged violations of procedural rights guaranteed by a version of the Rules and Regulations of the Board in existence before the Board did the things he complains of as improper in this case. The Rules and Regulations were extensively amended on March 1, 1977. We will, as we must, decide the case by applying the Rules and Regulations in effect when the Board acted. We have concluded that the charges of violating the conditions of the parole must be dismissed because a timely Violation Hearing was not provided, but that the Board's action recommitting the petitioner as a convicted parole violator was proper.

Corbin was sentenced on July 29, 1975 to a term of one to five years following his conviction on a

charge of attempted burglary. The sentence had an effective date of December 23, 1974, with a minimum of December 23, 1975 and a maximum of December 23, 1979. On October 29, 1975, petitioner was entered at the State Correctional Institute at Pittsburgh. He was released under parole supervision on January 7, 1976. On March 17, 1977 the Board declared Corbin delinquent as of February 11, 1977 because his whereabouts were unknown. On June 24, 1977, a warrant was lodged at the Allegheny County Prison where Corbin then was, reciting both the technical parole violations and also new criminal charges stemming from an arrest on June 22, 1977 by Allegheny County authorities. Because Corbin was charged with technical parole violations the procedural safeguards of Board Regulation Section 71.2, 7 Pa. B. 488-89, applied to those charges.[1] Subsection (3) of Section 71.2 states that a Preliminary Hearing will be held within 15 days of the arrest of the parolee on the Board warrant. Corbin was therefore entitled to a Preliminary Hearing conducted no later than July 11, 1977. Corbin's Preliminary Hearing was scheduled for July 7, 1977, but at the request of Corbin's lawyer was continued. The Board was thus excused from any delay caused by the parolee's request. *Adams v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 524, 395 A.2d 1035 (1979). On July 13, 1977, Corbin was notified that his preliminary detention hearing would be held on July 28, 1977, within 15 days of the notice of rescheduling. The Board did not act unreasonably in rescheduling the continued hearing for a date 15 days after Corbin's request for a continuance. By analogy, Section 71.2

---

[1]Regulation Section 71.3, 7 Pa. B. 489 applied to parolees arrested for new criminal offenses. A timely Detention Hearing was afforded Corbin as required by the Regulation.

(5)(iii) provides that in the event a parolee not represented by counsel decides to retain counsel prior to the commencement of the preliminary detention hearing, "[t]he Examiner of the Board shall then terminate the proceeding, have the parolee returned to custody and initiate action to have the Preliminary Hearing rescheduled within 15 days."

Following the Preliminary Hearing held on July 28, 1977, the Board ordered petitioner returned as a technical parole violator and scheduled a Violation Hearing. This was not held until April 12, 1978. Even after making allowances pursuant to Section 71.5(i) for a continuance requested by Corbin, the Board failed to hold the Violation Hearing within the 120 day period after the Preliminary Hearing as required by Regulation Section 71.2(11). The Board has argued that its failure to conduct the Violation Hearing was caused by the transfer of petitioner between Clearfield and Allegheny Counties to answer criminal charges in each County. We hold this circumstance did not render Corbin unavailable under Section 71.5(i)(1), 7 Pa. B. 491. Corbin would have been entitled to relief in the form of an order dismissing the charges of violating the conditions of his parole with prejudice pursuant to Section 71.5(h), 7 Pa. B. 491.

While Corbin was detained under the June 24, 1977 warrant, he was arrested on July 12, 1977 by Clearfield County authorities on charges of forgery and receiving stolen property. Petitioner was found guilty on these charges on September 21, 1977. Section 71.4(1)(i), 7 Pa. B. 490, of the regulations provides:

In the event that the parolee had previously been detained pending disposition of criminal charges, the Board may lift the warrant or de-

tainer, if appropriate, or it will schedule a hearing to determine what sanctions, if any, will be imposed for violation.

Therefore the Board's decision to schedule a Revocation Hearing on November 9, 1977 complied with the guidelines in Section 71.4.

Section 71.4(2) requires the Board to hold the Revocation Hearing within 120 days from the date the Board receives official verification of a plea of guilty or nolo contendere or a guilty verdict at the highest trial court level. On November 2, 1977 the Board received verification of Mr. Corbin's guilty verdict on the Clearfield County charges and the 120 day period runs from this date. Several actions of the petitioner, however, operated to toll the running of this 120 day period. The Board scheduled a Violation and Revocation Hearing for November 9, 1977, only seven days after receiving notice of parolee's conviction. At Mr. Corbin's request, the hearing was rescheduled for December 14, 1977. This requested continuance comes within the second exception to the 120 day rule in Subsection (2) of Section 71.4, 7 Pa. B. 490. After the Violation and Revocation Hearing failed to take place on December 14, the Board was required to schedule the hearing within 113 days, or by April 6, 1978.

On February 3, 1978, however, Mr. Corbin requested a full Board Revocation Hearing[2] and thereby came within the first exception to the 120 day rule in Subsection (2) of Section 71.4, 7 Pa. B. 490, which states:

---

[2] Mr. Corbin has alleged in his petition for review that he wrote several letters requesting a full Board Hearing, but failed to mention the date of the request. Since the 120 day period in Section 71.4(2)(i) runs from the time of the official verification that the parolee was returned to a State correctional facility, only the fact of the request and not the date is material.

> Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as . . . confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility.

The Board received notice on March 1, 1978 that Mr. Corbin was received at the State Correctional Institution at Pittsburgh and scheduled a full Board Hearing on March 15, 1978, well within the 120 day period required by Section 71.4(2)(i). On March 15, Mr. Corbin again requested a continuance. The full Board Hearing held on April 12, 1978 was therefore timely.

The petitioner also raises the broad allegation that the Board's decision was influenced by the hearsay testimony of his parole officer. Our scope of inquiry in deciding a motion for judgment on the pleadings is limited to the opposing party's well-pleaded averments of material and relevant facts. Conclusions drawn from sources not part of the record and conclusions of law cannot be considered. *Matthew-Landis Co., Inc. v. Housing Authority of Chester County*, 240 Pa. Superior Ct. 541, 361 A.2d 742 (1976). The determination of whether or not testimony is inadmissible hearsay is a legal question based upon an examination of the testimony in question. We cannot consider petitioner's legal conclusion that testimony, a transcript of which was not attached to the record, was inadmissible hearsay. Furthermore, this Court has recently noted that evidentiary rules applicable to a trial on criminal charges do not necessarily carry

over to a revocation hearing because its purpose is different than that of a trial. We stated:

> Nor should hearsay, even if objected to, necessarily be precluded from consideration. This is not to say that an examination of the reliability of such evidence should not be made. But a greater latitude in the admissibility of evidence must be allowed to determine whether the privilege of parole should continue and whether the best interests of the community are advanced in doing so.

*Nelson v. Pennsylvania Board of Probation and Parole,* 35 Pa. Commonwealth Ct. 23, 26, 384 A.2d 1033, 1035 (1978).

Finally, we consider petitioner's assertion that the Board's calculation of his backtime was incorrect because he was not given credit for time served on parole in good standing. Mr. Corbin's recommitment as a convicted parole violator was based on Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a), which states: "If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for time at liberty on parole." A parolee's backtime is, however, reduced by the amount of time spent in custody under the Board's violation warrant. *Taylor v. Pennsylvania Board of Probation and Parole,* 36 Pa. Commonwealth Ct. 625, 388 A.2d 777 (1978). The Board therefore correctly ordered Corbin's reentry to serve the term he would have had to serve had he not been paroled without credit for any time spent on parole. The effect is that although the charges of technical violations must be dismissed, this avails Corbin only that these charges will no longer be on his record.

58

## ORDER

AND NOW, this 18th day of April, 1979, the order of the Board of Probation and Parole which read "Recommit as a technical parole violator and convicted parole violator and review in June 1979" is modified to read "Recommit as a convicted parole violator and review in June, 1979." The Board's motion for judgment on the Pleadings in the instant case with respect to the Order as modified is granted.