Walker Kemp, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, March 12, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Walker Kemp,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Rogers, June 18, 1979:

Walker Kemp has filed a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole to recommit him as a technical parole violator. The parties have filed cross-motions for judgment on the pleadings and the issues have been submitted on briefs.

Mr. Kemp was under parole supervision when he was arrested on December 4, 1977 on charges of retail theft. The Board conducted a preliminary detention hearing on December 15, 1977 and it issued an order on March 3, 1978 that Mr. Kemp should be continued on parole only if he participated in a mandatory inpatient drug therapy program at Alpha House and that his removal from or termination of this program for any reason other than his successful completion of it would be considered a violation of his parole. In fact Mr. Kemp had been a resident of Alpha House

from January 6, 1978 when his parole agent had re-required him to enter the program as a special condition of his parole.

On March 24, 1978, Mr. Kemp left Alpha House without having successfully completed the program. He was arrested on April 6, 1978 on charges of burglary, theft, auto theft and theft by receiving stolen property. On April 7, 1978, the Board filed a warrant charging Mr. Kemp with the technical parole violation of (1) changing his residence without his parole agent's permission, (2) engaging in overt behavior which threatened or presented a clear and present danger to himself or others, and (3) failing to complete the drug therapy program at Alpha House. After a timely preliminary detention hearing was held, a full Board revocation hearing was held on July 20, 1978 at which Mr. Kemp's attorney and two parole agents were present. On July 27, 1978, the Board issued its decision to recommit Mr. Kemp, when he became available, as a technical parole violator to serve twelve months backtime.

Mr. Kemp argues that his procedural due process rights were violated because the only evidence against him presented at the revocation hearing was hearsay, and that since persons upon whose testimony the revocation would be based were not present he was not allowed necessary confrontation of adverse witnesses. Section 71.2(16) of the Rules and Regulations of the Board of Probation and Parole, found at 7 Pa. B. 489 provides:

> The representatives of the Board who are familiar with the facts which constitute the alleged violation will be present to testify as shall any persons upon whose testimony the parole revocation would be based, unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation.

Consistent with the regulation we, in *Herring v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 156, 394 A.2d 1082 (1978), held that the right to confront and cross-examine adverse witnesses must be afforded the parolee at the revocation hearing unless there is a specific finding, by the hearing examiner, of good cause for not allowing confrontation.

There is no written record of the hearing which we can review. We gather from the briefs, however, that the evidence presented at the revocation hearing with respect to the charges concerning Mr. Kemp's change of residence and overt behavior endangering others consisted almost solely of the testimony of the two parole agents who had been told by Mr. Kemp's wife that he had left his home with her and that he had struck her.[1] With respect to the charge that Mr. Kemp had left Alpha House before successfully completing the program, the only evidence adduced was, again, the testimony of a parole agent concerning what he had been told by the director of Alpha House. Since neither the Board nor the hearing examiner made a specific finding of good cause for not allowing confrontation of the wife or the director of Alpha House as required by the Board's own regulation, we believe that Mr. Kemp was denied his right to confront and cross-examine the adverse witnesses upon whose testimony his parole revocation would be based.[2]

---

[1] There apparently was testimony by one of the parole agents that a search of the home Kemp shared with his wife revealed no men's clothing on the premises. We believe this testimony did not provide substantial support for a finding that Kemp had moved without permission, in view of the fact that Kemp seems to have been at the residence, quarreling with his wife, until shortly before the parole officer's visit.

[2] In *Nelson v. Pennsylvania Board of Probation and Parole*, 35 Pa. Commonwealth Ct. 23, 26, 384 A.2d 1033, 1034-35 (1978), by Judge DiSalle, we stated:

394

Accordingly, we enter the following

ORDER

AND Now, this 18th day of June, 1979, judgment on the pleadings is entered in favor of Walker Kemp. The order of the Board of Probation and Parole revoking the petitioner's parole on the ground of the technical violations discussed in this opinion is hereby set aside.

---

A revocation hearing . . . need not be conducted with the same evidentiary rules as would apply to a criminal trial growing out of the same facts. . . . Nor should hearsay, even if objected to, necessarily be precluded from consideration. . . . [A] greater latitude in the admissibility of evidence must be allowed to determine whether the privilege of parole should continue and whether the best interests of the community are advanced in doing so.

We do not mean by our decision here to express or imply a view different from that expressed in *Nelson, supra.* As the opinion here declares, our decision is grounded on the Board's regulation concerning confrontation and the finding necessary to excuse its not being provided.