Michael Whittington, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, August 1, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Michael Whittington,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 13, 1979:

On June 15, 1979, we filed an opinion and entered an order in this matter[1] denying the cross-motions for summary judgment filed by the parties. We directed the Board of Probation and Parole (Board) to file an affidavit which would set forth the correct date on which Michael Whittington (Whittington) was given a preliminary hearing under Pa. R. Crim. P. 141. It was the confusion over this factual matter which caused us to deny the motions for summary judgment in our original opinion and order. Our order also permitted Whittington to file a cross-affidavit and granted both parties the right to submit supplemental briefs.

Within the time limits our order prescribed, the Board filed its affidavit which shows that the hearing given Whittington under the rules of criminal procedure was held January 26, 1977. The Board also filed a supplemental brief. Whittington filed no cross-affidavit and has filed no supplemental brief. The pleadings in this case indicate that Whittington did not receive a detention hearing under the Board's rules until February 3, 1977. It now appears that neither the preliminary hearing held under the rules of criminal

---

[1] *Whittington v. Pennsylvania Board of Probation and Parole,* 43 Pa. Commonwealth Ct. 408, 402 A.2d 1105 (1979).

procedure nor the detention hearing held under the Board's rules were within the fifteen day limitation required by §71.2(3) of the Board's rules. 37 Pa. Code §71.2. Thus, Whittington's contention that he did not receive a timely detention hearing is correct.

However, in its supplemental brief the Board contends for the first time in these proceedings that, even though the detention hearing was not held within the time restrictions specified, Whittington is now barred from raising that issue, citing *Commonwealth v. Perry*, 254 Pa. Superior Ct. 48, 385 A.2d 518 (1978). In that case the parolee alleged that the record failed to show that he had been given a *Gagnon* I[2] hearing. The parolee argued that because of that omission he was entitled to a new revocation hearing. The Superior Court dismissed that argument, holding:

> The purpose of the requirement of a *Gagnon* I hearing is different: it is to ensure against detention on allegations of violations that have no foundation of probable cause. If before his parole or probation is revoked a parolee or probationer has not complained of the lack of a *Gagnon* I hearing, he has already suffered the harm that the omission allegedly caused; since the substance of the revocation proceeding is not affected by the omission, the parolee or probationer will not be heard to complain later.

*Id.* at 52, 385 A.2d at 520.

Quite obviously the same legal reasoning applies to the instant case. From a practical standpoint it may well be that a person who is detained for more than fifteen days without a hearing may be completely unaware of his rights under such circumstances. While our Court has consistently held that parole violators are entitled to counsel at their hearings, we have also

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

held that the Board is not required to furnish counsel. *Tate v. Pennsylvania Board of Probation and Parole,* 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979). Without the benefit of counsel it is possible that a parolee would fail to raise the issue of the timeliness of his detention hearing because he may be unaware of such time limitations. Nevertheless, the fact remains that the failure to hold a timely detention hearing in the absence of a timely objection in no way affects the validity of a subsequent revocation hearing.

Accordingly, we hold that Whittington did not receive a timely detention hearing but that having failed to raise the issue before his final revocation hearing, he has suffered a wrong for which there is now no remedy. In our previous opinion in this matter, we found no merit in Whittington's other contentions. Therefore, we will enter summary judgment for the Board.

### ORDER

AND Now, this 13th day of August, 1979, summary judgment is entered for Commonwealth of Pennsylvania, Board of Probation and Parole.