William M. Nicastro, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE DOYLE, February 3, 1983:

This is an appeal by William Nicastro (Petitioner) from a denial by the Pennsylvania Board of Probation and Parole (Board) of his request for administrative relief. Said request was grounded in an alleged failure by the Board to afford Petitioner timely parole revocation hearings. We affirm the Board's denial of relief.

Petitioner was paroled from the State Correctional Institution at Rockview on December 30, 1971. On August 1, 1972, Petitioner was arrested in Philadelphia County on charges of rape, sodomy, assault with intent to ravish and making a threat to kill. A warrant and detainer charging Petitioner with technical violations of his parole was lodged by the Board that same day. Petitioner, who signed a written waiver of

his right to counsel, was given a hearing before a member of the Board on whether his parole should be revoked for technical violations thereof on September 8, 1972.[1] The Board's decision on that matter was issued September 15, 1972. It ordered Petitioner recommitted as a technical parole violator with the direction that his sentence be recomputed if he was convicted of the charges connected with his new arrest. The Court of Common Pleas of Philadelphia County convicted Petitioner of rape and sodomy on January 12, 1973 and imposed a five to ten year sentence on him on May 8, 1973. Following a hearing held on July 5, 1973, Petitioner was deemed a convicted parole violator and his sentence was recomputed to include four years back time on the remaining sentence from which he was paroled in 1971. Petitioner's new sentence did not commence until he had served this back time. On July 13, 1981, Petitioner requested administrative relief from the Board asserting that the hearings concerning the revocation of his parole for technical violations and for the new convictions were both untimely and that his sentence should therefore be recomputed to exclude the back time. The Board denied this request and the appeal to this Court followed.

Before this Court, Petitioner first contends that the hearing he received on September 8, 1972 was not held within fifteen days of the lodging of the Board's warrant and detainer and was therefore not timely pursuant to the requirements of 37 Pa. Code §§71.2(3) and 71.3(1)(ii). Accordingly, Petitioner argues, his constitutional parole revocation hearing rights, as discussed by the United States Supreme Court in *Gagnon*

---

[1] Petitioner's brief refers to this hearing as a preliminary hearing. It is apparent from the record, however, that Petitioner never received a preliminary hearing on his technical parole violations and that the September 8, 1972 proceeding was the final hearing on this issue.

*v. Scarpelli*, 411 U.S. 778 (1973) and *Morrissey v. Brewer*, 408 U.S. 471 (1972), were compromised and his subsequent recommittal as a technical parole violator must be invalidated. *See Capers v. Pennsylvania Board of Probation and Parole*, 42 Pa. Commonwealth Ct. 356, 400 A.2d 922 (1979). Petitioner, hence, also asserts that, absent a criminal preliminary hearing, his detention pending disposition of the new criminal charges was improper and that the Board's determination that he is a convicted parole violator should therefore also be dismissed.

Even putting aside the fact that the Board lodged its warrant and detainer against Petitioner on August 1, 1972, while the regulations of the Board at 37 Pa. Code §§71.2(3) and 71.3(1)(ii) governing the time limits on parole revocation hearings did not go into effect until August 14, 1972,[2] we must reject Petitioner's argument. A review of the record in this matter fails to disclose, nor does Petitioner contend, that he ever, before the current proceeding, objected to either the timeliness of the hearing on his technical parole violations, the lack of a preliminary hearing[3] or the propriety of his detention. The failure to make such objections prior to the revocation hearing, even where, as here, the parolee was not represented by counsel, constitutes a waiver by the parolee of these issues as grounds for challenging the validity of the parole revocation hearings ultimately held. *Whittington v. Pennsylvania Board of Probation and Parole*,

---

[2] 7 Pa. B. 1465 (1972). We note that 37 Pa. Code §71.2(3), at that time, actually required the preliminary hearing or alleged technical violations of parole to be conducted within ten days of either the arrest of the parolee or the lodging of a detainer.

[3] There is otherwise a constitutional right to a preliminary hearing for the determination of whether there is probable cause to believe the parolee has committed a violation of his parole. *Morrissey v. Brewer*, 408 U.S. 471 (1972).

45 Pa. Commonwealth Ct. 58, 404 A.2d 782 (1979);[4] *see also Gerstein v. Pugh,* 420 U.S. 103 (1975).

Petitioner next argues that the hearing held on July 5, 1973, regarding his being designated a convicted parole violator, because it was held more than thirty days after his May 8, 1973 sentencing, was invalid pursuant to 37 Pa. Code §71.4(1)[5] and that his recommittal based on the new convictions should be voided. We disagree. Petitioner was sent a notice captioned "Revocation Hearing—New Conviction" on May 18, 1973. On June 7, 1973, the thirtieth day following his sentencing, Petitioner appeared before a member of the Board for this hearing. *At the request of Petitioner,* the hearing was continued until such time as he was prepared to proceed, and the date it was held, July 5, 1973, was the same day Petitioner notified the Board he was so prepared. Under circumstances such as these, the Board is excused from meeting the time constraints of the Code. *Corbin v. Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 50, 399 A.2d 1202 (1979).

Finally, Petitioner contends that the July 5, 1973 hearing also served as the final hearing on his technical parole violations and that the Board's action on

---

[4] In *Whittington,* this Court stated:

Without the benefit of counsel it is possible that a parolee would fail to raise the issue of the timeliness of his detention hearing because he may be unaware of such time limitations. Nevertheless, the fact remains that the failure to hold a timely detention hearing in the absence of a timely objection in no way affects the validity of a subsequent revocation hearing.

*Id.* at 61, 404 A.2d at 783.

[5] The time limit within which a hearing to determine if one is a convicted parole violator must be held is now governed by 37 Pa. Code §71.4(2) which reads, in pertinent part, "[t]he hearing shall be held within 120 days from the date the Board received official verification of . . . the guilty verdict. . . ."

these charges should be reversed as untimely pursuant to 37 Pa. Code §71.2(10) which at that time required the Board to conduct a final hearing on technical parole violation charges within thirty days of its action on the preliminary hearing held on those charges.[6] As discussed in footnote 1 above, however, it was the action taken by the Board after the September 8, 1972, not the July 5, 1973 hearing which constituted the final action of the Board herein relative to the charges of technical parole violations. That action, *i. e.*, the recommital of Petitioner as a technical parole violator, was taken on September 15, 1972 and Petitioner's argument as to its timelines is without merit.

ORDER

Now, February 3, 1983, the denial by the Pennsylvania Board of Probation and Parole of William M. Nicastro's petition for administrative relief in the above captioned matter is hereby affirmed.

---

[6] Pursuant to 37 Pa. Code §71.2(11), the time limit within which such a hearing must be conducted is now 120 days.