Jerome A. LOACH, Petitioner

v.

### PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 2012.
Decided Oct. 26, 2012.

---

Jerome A. Loach, pro se.

Chad L. Allensworth, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Jerome A. Loach (Loach) petitions for review of the January 3, 2012, order of the Pennsylvania Board of Probation and Parole (Board), which denied Loach's administrative appeal from the Board's decision recommitting him as a convicted parole violator. Loach also filed a motion to strike from the record the notice of charges dated August 26, 2011. We deny

1. The first set of charges included: criminal conspiracy, aggravated assault, robbery, kidnapping, forgery, identity theft, false imprisonment, terroristic threats, and multiple violations of the Uniform Firearms Act. These charges stem from an incident in which Loach allegedly abducted an individual using a gun, forced him into the back seat of a car, struck him multiple times with the gun, and used the victim's ATM card to withdraw funds. (C.R. at 45, 62.)

2. The second set of charges included: criminal conspiracy, robbery, burglary, criminal trespass, multiple violations of the Uniform

the motion to strike and affirm the Board's decision.

On June 20, 1991, Loach received a nine- to thirty-year sentence for third-degree murder and aggravated assault. (C.R. at 29.) The Board paroled Loach on January 10, 2008. (C.R. at 35.) On March 31, 2009, police arrested Loach for a first set of charges.[1] (C.R. at 53.) On April 1, 2009, the Board detained Loach pending disposition of the criminal charges. (C.R. at 47.) On January 4, 2010, authorities arrested Loach for a second set of charges.[2] (C.R. at 64.) On November 9, 2010, a municipal court judge dismissed the first set of charges. (C.R. at 62–63.)

On May 27, 2011, a municipal court judge found Loach guilty of criminal conspiracy to engage in robbery, one of the crimes contained in the second set of charges. (C.R. at 122.) Loach received a twenty-five- to fifty-year sentence. (C.R. at 146.) The Board held a parole revocation hearing on August 31, 2011, and recommitted Loach as a convicted parole violator to serve thirty months' backtime. (C.R. at 66, 135.)

Loach filed an administrative appeal on October 14, 2011. (C.R. at 136.) On January 3, 2012, the Board affirmed the decision. (C.R. at 144–45.) Loach filed a petition for review with this court.[3]

Firearms Act, terroristic threats, and false imprisonment. These charges stem from an incident in which Loach, with two co-conspirators, forced their way into a home and robbed the occupants at gunpoint. (C.R. at 64.)

3. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law has been committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

■ First, Loach claims that the Board denied him due process by failing to hold a preliminary parole revocation hearing when the first set of charges was dismissed. A preliminary parole revocation hearing should be held within thirty days of the parolee's detention. *See* 37 Pa.Code § 71.3(9) (incorporating procedures of 37 Pa.Code § 71.2(1–8)). However, the procedures mandated by section 71.3 apply only to a parolee "not already detained after appropriate hearings for other criminal charges or technical violations." 37 Pa.Code § 71.3; *see also Jones v. Pennsylvania Board of Probation and Parole*, 952 A.2d 710, 712 (Pa.Cmwlth.2008) (analyzing procedural requirements for a technical parole violation under 37 Pa.Code § 71.2). "[A] preliminary [parole] revocation hearing need not be conducted if the parolee has been given a preliminary hearing on the charges for the offenses he allegedly committed while on parole." *Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa.Cmwlth. 627, 380 A.2d 510, 512 (1977).

■ Loach received a preliminary hearing pursuant to Pa. R.Crim. P. 543, establishing a *prima facie* case for the second set of charges on January 4, 2010, and was held for court. (C.R. at 64–65.) Loach did not post bail and he remained detained in the Philadelphia county prison. (C.R. at 61, 117.) The primary purpose of a preliminary parole revocation hearing is to prevent an unwarranted loss of liberty. *See Leese v. Pennsylvania Board of Probation and Parole*, 131 Pa.Cmwlth. 448, 570 A.2d 641, 644 (1990). A finding of probable cause at a preliminary hearing pursuant to Pa. R.Crim. P. 543 adequately protects against the possibility of an un-

warranted loss of liberty. Because Loach received a preliminary hearing pursuant to Pa. R.Crim. P. 543 that addressed the merits of the charges, a preliminary parole revocation hearing would have been redundant and was not constitutionally required.

■ Additionally, a deficiency at a preliminary parole revocation hearing cannot be alleged after a final parole revocation hearing occurs. *See Whittington v. Pennsylvania Board of Probation and Parole*, 45 Pa.Cmwlth. 58, 404 A.2d 782, 783 (1979). Even if Loach should have received a preliminary parole revocation hearing, the subsequent final parole revocation hearing makes the issue "a wrong for which there is now no remedy." *Id.* at 783.

■ Second, Loach takes the position that, because his notice listed the wrong date of arrest and the wrong court of record, the notice did not meet minimum procedural due process requirements.[4] Adequate notice of a parole revocation hearing must be provided to satisfy due process. *See Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (defining minimum requirements of due process for parole revocation). A notice must be clearly sufficient to enable a petitioner to prepare his defense. *See* 37 Pa.Code § 71.4(2); *see also Plair v. Pennsylvania Board of Probation and Parole*, 104 Pa.Cmwlth. 297, 521 A.2d 989, 991 (1987) (finding notice adequate where it described the time, place, and circumstances of the violation).

The notice of charges received by Loach listed the wrong date of arrest[5] and the

4. Although the Board asserts that Loach waived this issue, we find otherwise. (*See* Petition for Review, ¶ 5(3)).

5. The notice listed the date of arrest as March 31, 2009, instead of January 4, 2010. (C.R. at 61.)

wrong court of record;[6] however, the notice accurately stated the appropriate date of conviction, convicted offense, date of sentence, and bill and term number. Thus, the notice provided sufficient information to enable Loach to prepare a defense. The mistakes did not render the notice insufficient to meet procedural due process requirements.

■ Third, Loach argues that the Board did not hold a timely parole revocation hearing. When recommitting a parolee as a convicted parole violator, a parole revocation hearing must be held within 120 days of the date the Board receives official verification of the guilty verdict. *See* 37 Pa.Code § 71.4(1); *see also James v. Pennsylvania Board of Probation and Parole,* 109 Pa.Cmwlth. 268, 530 A.2d 1051, 1052 (1987). If confined to a Pennsylvania county prison, the clock does not start ticking until "the official verification of the return of the parolee to a State correctional facility." 37 Pa.Code § 71.4(1)(i); *see Koehler v. Pennsylvania Board of Probation and Parole,* 935 A.2d 44, 50 (Pa. Cmwlth.2007).

Here, Loach first returned to a state correctional facility on August 31, 2011. Loach's parole revocation hearing occurred the same day. (C.R. at 74.) Therefore, the Board satisfied the 120–day requirement. Loach's contention that the 120–day window should have opened on November 9, 2010, the date the first set of charges was dismissed, lacks merit because Loach remained in county prison

awaiting trial on the second set of charges and had not posted bail. (C.R. at 61, 117.)

Finally, Loach filed a motion to strike page sixty-six from the record, alleging that it is a fraudulent copy of the notice. In a judicial proceeding, fraud on the court occurs where "a lawyer's or party's misconduct [is] so serious that it undermines or is intended to undermine the integrity of the proceeding." *Black's Law Dictionary* 732 (9th ed.2009). The updated notice does not indicate intent by the Board to undermine the judicial proceedings.[7] Therefore, Loach's allegation of fraud lacks merit.

Accordingly, we deny the motion to strike and affirm the Board's decision.

## *ORDER*

AND NOW, this 26th day of October, 2012, we hereby deny Jerome A. Loach's motion to strike and affirm the January 3, 2012, order of the Pennsylvania Board of Probation and Parole.

---

**6.** The notice listed the Municipal Court of Philadelphia County instead of the Court of Common Pleas of Philadelphia County.

**7.** Loach asserts that the signature on the notice from August 26, 2011, indicates an attempt by the Board to pass off the notice as the version that Loach refused to sign on July 7, 2011. Instead it appears the Board agent

signed the form and wrote the July 7, 2011, date to reiterate that the offender had previously refused to sign the notice letter on that date. In any event, both the notice printed in August and the notice printed in June include sufficient information to satisfy due process notice requirements.