# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Duncan, : 
            Petitioner : 
             : 
        v. : No. 2160 C.D. 2014
            : Submitted: July 31, 2015
Pennsylvania Board of : 
Probation and Parole, : 
            Respondent : 

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED: September 16, 2015**

Petitioner Ricardo Duncan (Duncan) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Duncan's request for administrative relief from parole revocation, in which Duncan argued that he had been deprived of due process due to the Board's failure to conduct a timely detention hearing. We now affirm.

Duncan was convicted of two counts of robbery and received a five-to-fifteen year sentence on October 19, 1995. (Certified Record (C.R.) at 1.) Duncan was initially paroled on May 8, 2000, but he was recommitted to a state correctional institution on September 15, 2000, as a technical parole violator. (*Id.* at 11.) On September 8, 2002, the Board re-paroled Duncan, but he was detained pending a determination of his status as a parole violator on April 21, 2003. (*Id.* at 160.) Duncan ultimately was not recommitted, and he was

released on October 3, 2004. (*Id.*) The Board lodged a detainer against Duncan on October 3, 2005, due to additional criminal charges against him in Pennsylvania and New York.[1] (*Id.* at 29, 59.) On January 17, 2006, Duncan was sent to a state correctional institution pending a determination of his status as a parole violator. (*Id.* at 160.) A hearing concerning Duncan's extradition to New York was conducted on April 17, 2006. (Duncan Br. at App. B.) Duncan was paroled on April 25, 2006, and he was extradited to New York, pending the disposition of his New York criminal charges. (*Id.*, C.R. at 160.)

Duncan was convicted in New York of criminal possession of a weapon and criminal possession of a controlled substance, and Duncan was sentenced to a nine-year term of imprisonment. (C.R. at 31.) On September 18, 2009, while in the New York Department of Corrections' custody, Duncan wrote to the Board, alleging that he had been deprived of due process due to the Board's failure to conduct a timely detention hearing. (*Id.* at 88.) The Board did not respond to Duncan's letter. Duncan did not address the issue again until his final parole revocation hearing.

Duncan was released to the custody of the Pennsylvania Department of Corrections on November 27, 2013. (*Id.* at 37.) A Board hearing examiner conducted a revocation hearing on January 17, 2014. At the hearing, Duncan argued that the Board should have provided him a detention hearing while Duncan was in the Pennsylvania Department of Corrections' custody from

---

[1] In New York, Duncan was charged with fugitive from justice with charges pending, criminal possession of a weapon, and criminal possession of a controlled substance. (C.R. at 31, 37.) In Pennsylvania, Duncan was charged with simple assault. (*Id.* at 37.) The Pennsylvania simple assault charge and the New York fugitive from justice charge were dismissed.

October 3, 2005, through April 25, 2006. (*Id.* at 56-60.) Duncan contended that the lack of a detention hearing deprived him of due process. (*Id.* at 56-60, 63.) The Board's witness, Parole Agent Alesha Grady, acknowledged that Duncan did not receive a detention hearing before he was extradited to New York. (*Id.* at 60.) The Board issued a decision, ordering Duncan to serve eighteen months backtime as a convicted parole violator as a result of Duncan's New York convictions. (*Id.* at 163.) The Board calculated Duncan's new maximum date as February 21, 2018. (*Id.*) Duncan sought administrative relief from the Board, arguing that he was deprived of due process because the Board failed to provide him with a detention hearing prior to his extradition to New York. (*Id.* at 165.) Specifically, Duncan contended that the Board was required to provide him with a hearing within fourteen days of his detention or, alternatively, within thirty days of his detention. (*Id.*) The Board affirmed its decision, noting that because Duncan was not recommitted as a technical parole violator, there was no need to provide a detention hearing within fourteen days of Duncan's detention. (*Id.* at 172.) The Board further provided that because Duncan was convicted in New York and did not return to Pennsylvania until after he served the sentence for his conviction in New York, it was not necessary for the Board to provide him with a detention hearing upon his return to Pennsylvania.[2] (*Id.*) Duncan now petitions this Court for review.

---

[2] The Board did not address Duncan's argument that the Board was required to provide a detention hearing within thirty days of Duncan's detention or Duncan's argument that he was entitled to a detention hearing prior to his extradition to New York. (C.R. at 172-73.)

On appeal,[3] Duncan argues that he was deprived of due process due to the Board's failure to conduct a timely detention hearing. Duncan contends that the remedy for this due process violation is to vacate the Board's decision to revoke Duncan's parole. The Board acknowledges that Duncan did not receive a detention hearing. The sole issue on appeal, therefore, is the remedy for the Board's failure to provide Duncan with a detention hearing.

The Board's regulations provide that "[a] parolee may be detained on a Board warrant pending disposition of a criminal charge" if one of the following conditions is met:

(i)    A district justice has conducted a criminal preliminary hearing and concluded that there is a prima facie case against the parolee.

(ii)   The parolee waives a criminal preliminary hearing and is held for court.

(iii)  The parolee is convicted of a crime at trial before a judge of the Philadelphia Municipal Court or a district justice.

(iv)   An examiner conducts a detention hearing.

37 Pa. Code § 71.3(1)(i)-(iv). If the Board is required to hold a detention hearing, the hearing must be held "within 30 days of the parolee's detention." 37 Pa. Code § 71.3(9). "The purpose of the detention hearing is to determine whether there is probable cause to support a charge of parole violation." *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 35 (Pa. Cmwlth. 2006). If probable cause does not exist

---

[3] Our standard of review of a Board order denying administrative relief is limited to considering whether necessary factual findings are supported by substantial evidence, whether the Board erred as a matter of law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

to establish that a parolee has violated his or her parole, the parolee must be released. 37 Pa. Code § 71.2(8).

This Court has held that even when a parolee does not receive a timely detention hearing, the failure to raise the issue prior to the final parole revocation hearing means that the parolee "has suffered a wrong for which there is now no remedy." *Whittington v. Pa. Bd. of Prob. and Parole*, 404 A.2d 782, 783 (Pa. Cmwlth. 1979). "[T]he failure to hold a timely detention hearing in the absence of a timely objection in no way affects the validity of a subsequent revocation hearing." *Id.* To address the Board's failure to conduct a timely detention hearing, "[a] proceeding in mandamus is available to compel the Board . . . to conduct a hearing." *Bronson v. Pa. Bd. of Prob. and Parole*, 421 A.2d 1021, 1023 (Pa. 1980), *cert. denied*, 450 U.S. 1050 (1981).

The case law concerning the remedy for the Board's failure to provide a detention hearing generally involves matters wherein a parolee fails to object to the lack of a detention hearing prior to the final parole revocation hearing. *See, e.g.*, *Loach v. Pa. Bd. of Prob. and Parole*, 57 A.3d 210, 213 (Pa. Cmwlth. 2012); *Nicastro v. Pa. Bd. of Prob. and Parole*, 455 A.2d 295, 296-97 (Pa. Cmwlth. 1983); *Whittington*, 404 A.2d at 783. Here, Duncan, while he was in the custody of the New York Department of Corrections, attempted to object to the lack of a detention hearing prior to his final parole revocation hearing. Similarly to the matters above wherein parolees failed to object until the final parole revocation hearing, it was too late at this point for the Board to remedy its failure to provide Duncan with a detention hearing, as the Board did not have jurisdiction. Upon Duncan's return to the custody of the Pennsylvania Department of Corrections, the

5

Board conducted a timely final parole revocation hearing.[4] There is no indication in the record, nor does Duncan contend, that the final parole revocation hearing was improper. Further, even if the Board had been in the position to remedy the lack of a detention hearing, Duncan's letter to the Board was an insufficient objection to the Board's failure to conduct a detention hearing. As noted above, Duncan, while in the custody of the Pennsylvania Department of Corrections, should have filed a mandamus action in this Court's original jurisdiction to compel the Board to conduct a detention hearing. *See also Barber v. Pa. Bd. of Prob. and Parole*, (Pa. Cmwlth., No. 1021 C.D. 2007, filed Jan. 24, 2008), slip op. at 3.[5] We, therefore, reject Duncan's argument that the remedy for the Board's failure to conduct a detention hearing is to vacate the Board's decision to revoke Duncan's parole.

Accordingly, we affirm the Board's order.

P. KEVIN BROBSON, Judge

---

[4] When the Board receives notice that a parolee has been convicted of a crime, it is required to conduct a final parole revocation hearing within 120 days of the notice. 37 Pa. Code § 71.4(1). If, however, "a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code § 71.4(1)(i). Duncan's final parole revocation hearing was conducted within 120 days of his return to the custody of the Pennsylvania Department of Corrections.

[5] This case is cited for its persuasive value pursuant to Section 414 of the Commonwealth Court's Internal Operating Procedures.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricardo Duncan, :
        Petitioner :
         :
        v. : No. 2160 C.D. 2014
         :
Pennsylvania Board of :
Probation and Parole, :
        Respondent :

## O R D E R

AND NOW, this 16th day of September, 2015, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

                                             _____

                                          P. KEVIN BROBSON, Judge