Wayne Simmons, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 25, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 12, 1983:

Wayne Simmons, the petitioner, appeals from an administrative order of the Pennsylvania Board of Probation and Parole (Board) revoking the petitioner's parole and recommitting him to serve the balance of the sentence imposed for his prior conviction.

While on parole the petitioner was arrested in Montgomery County on December 11, 1979 on charges of burglary, theft, and conspiracy. The petitioner was subsequently convicted of those charges on May 7, 1980.

On July 17, 1980 notice was sent by first class mail to the petitioner informing him that his parole revocation hearing would be held on August 21, 1980. This notice was also sent to the Montgomery County Public Defender's Office, which subsequently represented the petitioner at his parole revocation hearing. After hearing the matter, the Board, by an order dated September 9, 1980, revoked the petitioner's parole and recommitted him to serve his prior prison sentence. The Board stated that the petitioner's new convictions, and his history of similar criminal activity, led to its decision to revoke the petitioner's parole. The petitioner sought administrative relief on the grounds that he was given insufficient notice of the revocation hearing, and that consequently he was unable to secure witnesses and select counsel of his own choosing. That relief was denied, and this appeal followed.

It is alleged by the Board that during the parole revocation hearing the petitioner neither objected to the timeliness of the notice, nor requested a continuance on that basis. Further, the petitioner did not allege any prejudice suffered because of the alleged insufficient notice. Therefore, the Board argues that the petitioner thereby waived the issue of whether he was given sufficient notice of his parole revocation hearing.

Before this Court, the petitioner is not contending that the notice inadequately informed him of the factual and legal issues to be determined at the August 21, 1980 hearing. The petitioner's sole contention is that the notice was not *timely*. He asserts that he must be given timely notice to prepare his case, and that the

thirty-two days written notice received from the Board was constitutionally insufficient.

In urging this Court to apply a "reasonableness" standard, like that found in 2 Pa. C. S. §504, the petitioner argues that his incarceration and the interest at stake (his liberty) are considerations that should compel this Court to deem the thirty-two days notice constitutionally insufficient.[1]

We note here that due process is a flexible concept. What process is due depends on the circumstances of each case, including the nature of the interests at stake and the particular proceeding in question. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that written notice of the alleged violations is one of the several minimum requirements of due process which must be complied with before parole can be revoked.

In the case at bar, we find a petitioner whose parole was revoked because he was convicted of a crime while on parole. In such a case the purpose of the revocation hearing is not to determine whether the parolee has committed a crime, but whether parole is a viable means of rehabilitating and deterring future antisocial conduct. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973).

It is our opinion that the written notice given to the petitioner afforded him ample time and opportunity to discover and highlight any mitigating circumstances surrounding his May 7, 1980 conviction for burglary, theft and conspiracy. We, therefore, hold that the thirty-two day notice was constitutionally sufficient.

Accordingly, the order of the Pennsylvania Board of Probation and Parole is affirmed.

---

[1] 2 Pa. C. S. §504 provides that: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

## Order

And Now, the 12th day of May, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.