Paige Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

296

Submitted on briefs March 15, 1983, to Judges BLATT, WILLIAMS, JR., and DOYLE, sitting as a panel of three.

*John W. Packel,* Assistant Defender, Chief, Appeals Division, with him *Benjamin Lerner,* Defender for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 14, 1984:

This is an appeal by Paige Anderson (petitioner) from a denial by the Pennsylvania Board of Probation and Parole (Board) of his request for administrative relief. His challenge is predicated upon the alleged failure of the Board to afford him timely preliminary hearings on two warrants resulting from charges of technical parole violations.

The chronology in this case is tangled and confusing, a condition which is hardly ameliorated by the

welter of conflicts and misstatements contained in the briefs of the parties. As best we can determine from the record, the petitioner was sentenced on November 15, 1972 to a prison term of six to twenty years for aggravated robbery. He was paroled on April 19, 1978 under intensive supervision with explicit conditions that he was to maintain employment and that possession or control of any weapon would constitute a violation of his parole. On October 14, 1979, petitioner was arrested by Philadelphia law enforcement authorities on charges of aggravated assault, possession of an offensive weapon, violation of the Uniform Firearms Act, and recklessly endangering another person. A bench warrant was issued for the petitioner's arrest after he failed to appear at the preliminary hearing on these charges. Then on December 24, 1979, the Petitioner was rearrested on new charges: possession of an instrument of crime, and possession of a controlled substance. Pursuant to Pennsylvania Board of Probation and Parole Regulation §71.1, 37 Pa. Code §71.1, the Board, on December 31, 1979, filed a detainer warrant against petitioner in connection with the October, 1979 arrest.[1] A preliminary and detention hearing was held on January 16, 1980 by the Board's hearing examiner, who determined that there was probable cause to believe that parole violations had occurred.

---

[1] The Board's certification of acts and proceedings makes no mention of a warrant being issued on December 31, 1979. However, the Board, in a letter dated May 15, 1981 responding to the petitioner's request for administrative relief from the recommitment order, stated that "[a] Board Warrant was placed on [the petitioner] in relation to outstanding criminal charges on December 31, 1979. Moreover, the Board acknowledges in its brief that a Board warrant was issued on December 31, 1979 in connection with the October, 1979 arrest.

With respect to the arrest of December 24, 1979, the Board issued a warrant on January 7, 1980.[2] On January 23, 1980, the Board forwarded to the petitioner and his counsel notice of the charges of parole violation and the date of the preliminary hearing on the charges. A preliminary and detention hearing was held on February 5, 1980, at which time the Board's hearing examiner found probable cause to detain the petitioner.

The petitioner was subsequently convicted of the crimes for which he was arrested in October and December of 1979. On January 16, 1981, there was a violation/revocation hearing with respect to both incidents. On April 14, 1981, the Board, in accordance with the recommendation of its hearing examiner, recommitted the petitioner as a technical parole violator for 12 months, and as a convicted parole violator for 36 months. In this appeal, the petitioner challenges only his recommitment on the technical violations.

The petitioner asserts that he was not afforded timely preliminary hearings in accordance with the standards contained in the Board's regulations for disposition of charges of parole violations. The time-

---

[2] The Board, in its brief, does not state when its warrant was issued on charges in connection with the December, 1979 arrest. The Board merely states that the Petitioner was given notice of the charges of parole violation on January 23, 1980. However, the Board's certification of acts and proceedings in this case states that "On January 7, 1980, a Board warrant was filed at the Philadelphia County Prison." While the certification does not specify the arrest which gave rise to the charges, this warrant could only have been issued in connection with the December, 1979 arrest, since the Board has conceded that the October, 1979 arrest was addressed by a warrant issued on December 31, 1979, and the record reflects no other incidents for which the Petitioner might have been charged with a parole violation.

liness standard for holding preliminary hearings for
technical violations is clearly articulated at §71.2 of
the Board's regulations. That section states, in per-
tinent part: "The Preliminary Hearing will be held
within 15 days of either the arrest of the parolee
on the Board warrant or its being lodged as a detainer
at the facility where the parolee is confined."[3]  *See
Whittington v. Pennsylvania Board of Probation and
Parole*, 45 Pa. Commonwealth Ct. 58, 404 A.2d 782
(1979). That the Board is obliged to comply with its
own regulations is beyond debate.[4]  *Kunkelman v.
Pennsylvania Board of Probation and Parole*, 40 Pa.
Commonwealth Ct. 149, 396 A.2d 898 (1979); *Tate v.
Pennsylvania Board of Probation and Parole*, 40 Pa.
Commonwealth Ct. 4, 396 A.2d 482 (1979). The peti-
tioner, having made timely objections to the timeliness
of both preliminary hearings, contends that his recom-
mitment on the technical violations must be vacated
due to failure of the Board to comply with its own
regulations.

We address first the proceedings in connection
with the arrest which occurred on October 14, 1979.
As stated earlier, a detainer warrant was lodged
against the petitioner on December 31, 1979. The pre-
liminary hearing on the charges was held on January
16, 1980, 16 days after the warrant's issuance. How-
ever, the 15th day after the issuance of the detainer
warrant fell on Martin Luther King's Birthday, a

[3] 37 Pa. Code §71.2(3).

[4] The Board contends, without citation of authority, that the
time limit prescribed by Section 71.2 for holding a preliminary hear-
ing on alleged technical parole violations does not apply to circum-
stances where the parolee is already detained by the Board on tech-
nical violations when the Board learns of information which suggests
additional violations. We find no basis in the regulation for such
a distinction.

legal holiday under the laws of this Commonwealth. Under Section 1908 of the Pennsylvania Consolidated Statutes (1 Pa. C. S. §1908), whenever the last day of any period of time falls on a day which is a legal holiday under the laws of the Commonwealth, that day shall be omitted in computation of that time period.[5] Therefore, January 15, 1980 must be omitted in computing the time period, with the result that January 16, 1980 was, statutorily, the 15th day after the lodging of the warrant. Therefore, the preliminary hearing was timely.

Next, we address the hearing held in connection with the arrest made on December 24, 1979. According to the Board's certification, its warrant was issued on January 7, 1980. The preliminary hearing, held on February 5, 1980, was well beyond the 15-day limit prescribed by the Board's regulations. However, we do not perceive how petitioner was prejudiced by the lapse of 14 additional days between the lodging of the Board's warrant and the preliminary hearing. He had already been properly detained on charges of technical violations in connection with his October, 1979 arrest. Thus, even if no probable cause had been found relative to the December, 1979 arrest, petitioner would have remained in detention. Furthermore, an illegal detention does not, in and of itself, vitiate a subsequent recommitment, just as an illegal arrest or detention does not void a subsequent conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). While we do not condone any deviation by the Board from the

---

[5] Section 1502(a)(1) of the Statutory Construction Act provides generally that the terms of that Act apply to the Pennsylvania Code. More specifically, 37 Pa. Code §71.5(j) states that "[t]he number of days set forth in this chapter shall be calculated as prescribed by Section 1908 of the Pennsylvania Consolidated Statutes (1 Pa. C. S. §1908)."

standards prescribed by law, we find that in this instance no deprivation or prejudice was caused by the Board's delay.

Accordingly, we affirm the Board's denial of administrative relief.

### ORDER

AND Now, this 14th day of February, 1984, the action of the Pennsylvania Board of Probation and Parole denying administrative relief is affirmed.