514 A.2d 252

August Pickert, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Allen P. Powanda,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 20, 1986:

August Pickert appeals from a decision of the Pennsylvania Board of Probation and Parole denying his petition for administrative relief from a board order which recommitted him for a recommitment (backtime) period of twenty-four months as a technical and convicted parole violator. We vacate and remand.

On December 5, 1984, the board had granted Mr. Pickert parole from a two-to-four-year sentence which he had been serving for a burglary conviction. While Mr. Pickert was on parole supervision, the North Coventry police arrested him on February 6, 1985, and filed against him criminal charges for the unauthorized use of an automobile and possession of a controlled substance. Mr. Pickert pleaded guilty to both charges and was convicted. On August 12, 1985, the board conducted a parole violation hearing and on October 18, 1985, determined Mr. Pickert to be a technical and convicted parole violator. The board recommitted Mr. Pickert to serve twenty-four months backtime, twelve months as a technical parole violator and twelve months as a convicted parole violator.

The board's recommitment order was based upon Mr. Pickert's two new convictions and violation of conditions 1 and 5(a) of his parole. Condition 1 prohibited Mr. Pickert from leaving the district to which he was paroled without permission of the parole supervision staff, and condition 5(a) prohibited Mr. Pickert from possession of controlled substances.

Mr. Pickert contends that he was denied his due process right to effective assistance of counsel because his counsel, at the parole violation hearing, failed to object to the admission of documents allegedly containing hearsay. In *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), this court stated that a claim of ineffective assistance of counsel has two parts, both of which must be met for a parolee to be entitled to relief. The parolee must show that his counsel's errors were so serious that he was not functioning as counsel guaranteed under law, and that counsel's deficient performance prejudiced his defense.

The record shows that neither element of the test has been met. First, counsel's alleged failure to object to documents allegedly containing hearsay did not constitute such a serious error that he was not functioning as counsel guaranteed under law. A parolee's right to counsel at a parole revocation hearing does not entitle a parolee to the best or most experienced counsel available. *LaCourt*. Second, counsel's alleged failure to object to those documents would not have changed the result of the proceeding because Mr. Pickert, at the parole violation hearing, admitted violating conditions 1 and 5(a) of his parole. The board, in its decision, stated that the evidence it relied upon in finding that Mr. Pickert had violated the conditions of his parole were Mr. Pickert's admissions and convictions. Accordingly, Mr. Pickert was not denied his due process right to effective assistance of counsel.

Further, Mr. Pickert argues that he was denied his due process right to effective assistance of counsel because his counsel failed to object to the board's untimely preliminary hearing. Although the board's regulations require the board to conduct a preliminary hearing within fifteen days after the filing of its warrant or

detainer,[1] "an illegal detention does not, in and of itself, vitiate a subsequent recommitment, just as an illegal arrest or detention does not void a subsequent conviction." *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 295, 300, 471 A.2d 593, 596 (1984). Because Mr. Pickert did not sustain any deprivation or prejudice as a result of the board's alleged delay, and because Mr. Pickert failed to meet both parts of the test to support a claim of ineffective assistance of counsel, we reject this argument.

Mr. Pickert next argues that the board erred in revoking his parole on the basis of a technical violation or a new conviction because the mere fact of such a violation or conviction is not sufficient to revoke a parolee's liberty. In *Rothman v. Jacobs*, 38 Pa. Commonwealth Ct. 259, 392 A.2d 903 (1978), this court upheld the board's parole revocation based upon subsequent criminal convictions alone. Section 21.1(a) and (b) of the Act of August 6, 1941, P.L. 861, added August 24, 1951, P.L. 1401, §5, *as amended*, 61 P.S. §331.21(a) and (b) (Act), grants to the board, the discretion to recommit a parolee who "commits any crime for which he is convicted or . . . to which he pleads guilty" or who "during the period of parole, violates the terms and con-

---

[1] 37 Pa. Code §71.2(1)(ii) provides:
The following procedures shall apply in all cases where the parolee is charged with a violation of parole conditions other than arrest or conviction for a new criminal offense:

(1) Within 48 hours, if possible, of arrest and incarceration on the Board warrant, or within 24 hours of the Board warrant being lodged as a detainer, the parolee shall be visited by his parole agent or a representative of the Board. . . . He shall then be notified, both orally and in writing, of the following:

(ii) That a preliminary hearing shall be held within 15 days and that he will be notified of the exact date as soon as possible.

ditions of his parole. . . ." The board is not required, as Mr. Pickert argues, to make a specific finding that parole has ceased to be an effective form of rehabilitation, in order to recommit a parolee.

Mr. Pickert also argues that the board violated section 21.1 of the Act when it recommitted him as a technical and convicted parole violator based upon the single act of possession of a controlled substance. Our Supreme Court in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 255, 501 A.2d 1110, 1114 (1985) stated that, "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted." The Supreme Court further stated that section 21.1 of the Act prohibited the board from recommitting a parolee to separate terms of backtime "as both a convicted parole violator and a technical parole violator if the technical violation is based upon the same act as is the conviction supporting the conviction violation." *Rivenbark*, 509 Pa. at 251, 501 A.2d at 1111.

The board concedes, and we agree, that *Rivenbark* precludes the board from recommitting Mr. Pickert as a technical violator for violating condition 5(a) of his parole, possession of a controlled substance. The board erred by recommitting Mr. Pickert for violating condition 5(a); it could recommit Mr. Pickert as a technical violator for breach of condition 1 only. The presumptive range for that violation is six to twelve months.

The board maintains that, even with the deletion of the violation of condition 5(a), the backtime ordered by the board is within the presumptive range for violation of condition 1, and therefore a remand is not required. However, the board, in determining the amount of backtime, considered two technical parole violations, and this court will not presume that the board would have ordered the same backtime for only one technical

parole violation. Thus, we remand this case to the board for it to impose a proper period of backtime for Mr. Pickert as a technical parole violator.

Accordingly, this case is remanded to the board.

ORDER

NOW, August 20, 1986, we vacate the order of the Pennsylvania Board of Probation and Parole entered at No. 3847-R, dated October 18, 1985, and remand this matter to the board for it to recalculate backtime for August Pickert as a technical and convicted parole violator, without considering any violation of parole condition 5(a).

Jurisdiction relinquished.

---

CONCURRING OPINION BY SENIOR JUDGE BARBIERI:

I concur in the result and rationale of this case but I feel some additional comment is warranted with regard to the burden of proof at a parole Revocation Hearing. Under the Board's regulations, a Revocation Hearing pertains to the situation where a parolee has violated parole by being convicted of a new crime which was committed while on parole. *See* 37 Pa. Code §§71.4(1), (3), (5), and 71.5(d). The fact of the parolee's new criminal conviction is usually a matter of public record which is easily shown by the Board producing photocopies of such records. *See Anderson v. Pennsylvania Board of Probation and Parole,* 91 Pa. Commonwealth Ct. 486, 497 A.2d 947 (1985); *Davis v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 278, 481 A.2d 714 (1984). In view of that fact, the Pennsylvania Supreme Court has stated that the primary purpose of a parole Revocation Hearing is not to determine whether the parolee has in fact been convicted of a crime, rather, its purpose is to determine whether, despite the new conviction, parole remains a viable means

of rehabilitation and deterring future antisocial conduct. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973); *see also O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985); *Simmons v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 283, 459 A.2d 897 (1983). I read that language to place the burden upon the parolee to show that he remains a good parole risk despite the new conviction. This may be accomplished by the parolee presenting to the Board any mitigating or justifying evidence that may exist to overcome the presumption raised by the new conviction that parole should be revoked. The Board certainly does not have the burden of showing the absence of such evidence in order to revoke the parole of a parolee who has been convicted of a crime committed while on parole.