570 A.2d 641

**Sterling LEESE, Jr., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 9, 1989.

Decided Feb. 23, 1990.

450

Ellen Barry, Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, and PALLADINO (P.) and SMITH, JJ.

SMITH, Judge.

Petitioner, Sterling F. Leese, seeks review of the order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. The sole issue presented for review is whether the Board violated Petitioner's due process rights by revoking his parole for violation of condition No. 5(a) without benefit of a preliminary parole revocation hearing. The Board is affirmed.

Petitioner was originally paroled on June 27, 1987 from a two and one-half to five years sentence imposed by the York County Court of Common Pleas as a result of his burglary conviction. While on parole, Petitioner was recommitted for ten months for violation of special condition No. 6 of his parole which proscribed the consumption of alcohol. Following his release, Petitioner was arrested and confined at the York County prison on February 27, 1989 and again charged with violation of condition No. 6. On that same day, Petitioner submitted to a urinalysis. On March 6, 1989, the Board conducted a preliminary hearing at which time the hearing examiner found that probable cause was established for violation of condition No. 6. On March 9, 1989, the Board received the results of the urinalysis which showed that Petitioner had tested positive for barbiturates. As a result, Petitioner was also charged with violating parole condition No. 5(a), which prohibited the use of controlled substances.

On May 2, 1989, a parole revocation hearing was held at which time Petitioner was charged with violation of conditions Nos. 6 and 5(a). Petitioner was recommitted to serve five months backtime for violation of condition No. 6 and five months for violation of condition No. 5(a). Petitioner then filed a pro se request for administrative relief which was denied by the Board.[1]

1. This Court's scope of review of Board decisions is limited to determining whether necessary findings are supported by substantial evi-

Petitioner argues that the Board has violated his due process rights by failing to afford him a preliminary hearing prior to recommitting him for violation of condition No. 5(a). Petitioner contends that 37 Pa.Code § 71.2, relied upon by the Board in support of its position, is inapplicable as it does not give the Board actual authority to recommit a parolee without benefit of a preliminary parole revocation hearing when the parolee has been validly detained on other charges. Petitioner relies upon *Anderson v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 295, 471 A.2d 593 (1984), in which this Court rejected the Board's position that the time limits prescribed by 37 Pa. Code § 71.2 did not apply where the parolee was already being detained on other technical violations as the regulations did not provide for such a distinction. Petitioner acknowledges that when a parolee has already had either a criminal preliminary hearing or has already been convicted of new criminal charges, a preliminary hearing for parole violations is not required; however, Petitioner asserts that this is not the case here as he was not arrested on new criminal charges and further that the Board's reliance upon cases from other jurisdictions has no precedential value to the instant proceedings.

In January, 1988, the Board amended its regulations pertaining to technical parole violations. *See* 18 Pa.B. 250–255 (1988). The regulatory language relied upon by the Board is found in the introduction to 37 Pa.Code § 71.2 and provides as follows:

Procedure for violation of parole conditions:

The following procedures shall be followed if a parolee, not already detained after other technical violations or criminal charges, has been charged with a technical violation.

dence, whether an error of law was committed, or whether petitioner's constitutional rights were violated. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

37 Pa.Code § 71.2. The procedures to be followed are that a parolee must receive a preliminary parole revocation hearing within fourteen days of being detained on a Board warrant to determine if there is probable cause to believe that a parolee has committed a parole violation. *Id.* Clearly, under this provision, the Board is not constitutionally required to provide another separate preliminary hearing to a parolee when validly detained on other technical violations or criminal charges. Petitioner's reliance upon *Anderson* is therefore misplaced as it was decided prior to the Board's amendment of its regulations. Moreover, an agency's interpretation of its own regulations, unless clearly erroneous, will control. *Michael v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984).

An examination of the parole revocation process is essential to resolution of the issue before this Court. Parole revocation is a two-step process: first, a preliminary parole revocation hearing must be conducted to determine if probable cause exists to believe that the prisoner did in fact violate parole; and, secondly, a revocation hearing must be held at which time the decision is made as to whether the violation did in fact occur and, if so, whether parole should be revoked. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); 37 Pa.Code § 71.2. The primary purpose of the preliminary parole revocation hearing is to prevent unwarranted detention of the parolee. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). If a prisoner is not being detained because of a parole violation charge, no parole preliminary hearing is constitutionally required. *United States v. Sciuto,* 531 F.2d 842 (7th Cir.1976). Likewise, no preliminary parole revocation hearing is required where the prisoner has already had a criminal preliminary hearing or has been convicted of a new criminal offense. *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977); 37 Pa.Code § 71.3.

454

None of the concerns present in *Morrissey* and *Gerstein* are present here. Petitioner, in this instance, was already validly detained for violation of condition No. 6. By adding the charge of violation of condition No. 5(a), Petitioner did not suffer an additional loss of liberty or an unwarranted detention. Had no probable cause been found for a violation of condition No. 5(a), Petitioner would have nevertheless remained in detention for violation of condition No. 6. Moreover, an illegal detention does not, in and of itself, vitiate a subsequent recommitment. *Anderson*. Furthermore, Petitioner was given a full opportunity at the revocation hearing to present any evidence and to cross-examine witnesses relative to violation of condition No. 5(a). Petitioner however only objected to the addition of condition No. 5(a) as a charge which objection was overruled by the hearing examiner. Petitioner thereafter denied taking any barbiturates but did admit to the use of valium given to him by a friend. This testimony along with the Board's evidence clearly established a violation of condition No. 5(a). Petitioner thus did not suffer any prejudice as a result of the omission of the preliminary parole revocation hearing for condition No. 5(a).

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 23rd day of February, 1990, the order of the Pennsylvania Board of Probation and Parole is affirmed.