**Kevin JONES, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2008.

Decided June 2, 2008.

Publication Ordered July 21, 2008.

Jennifer B. Dale, Huntingdon, for petitioner.

Chad L. Allensworth, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Kevin Jones petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief and recommitted him as a technical parole violator. In this case we consider whether the Board provided Jones with a timely violation hearing. We affirm the Board's denial of relief.

Jones was originally sentenced to a term of imprisonment of 8 to 26 years for multiple counts of burglary. His original maximum sentence date was January 15, 2018. Certified Record at 1 (C.R.——). Jones was paroled on March 17, 2003, to a community corrections center and recommitted as a technical parole violator on September 3, 2003, to serve 12 months backtime. C.R. 17. Jones was also recommitted in February 2004 as a convicted parole violator to serve 12 months backtime, concurrently, for a theft offense. C.R. 19.

On June 27, 2006, the Board reparoled Jones to a state detainer sentence[1] with the instruction that, while he was confined, Jones had to "participate in thinking for a change and have no misconducts." C.R. 27. At the time of his reparole, Jones' maximum date on his original sentence was August 12, 2018. *Id.* On January 12, 2007, the Board rendered a decision paroling Jones from his detainer sentence on or after April 14, 2007, "to an approved plan." C.R. 30. Jones was again required to refrain from committing misconducts in addition to adhering to other special conditions. *Id.*

On February 26, 2007, while still in the custody of the Department of Corrections on his detainer sentence, Jones received a misconduct from the Department for possession or use of a controlled substance. A hearing examiner appointed by the Department of Corrections conducted a hearing on March 1, 2007, and found Jones guilty of the drug-related misconduct on March 14. C.R. 85. On June 14, 2007, the Board rescinded its January 12, 2007, order paroling Jones from his detainer sentence, citing his "receipt of drug related misconduct." C.R. 34. The Board issued a warrant on July 9, 2007, directing that Jones be detained for parole rescission. C.R. 39. On August 9, 2007, the Board provided Jones with a notice of charge and hearing informing him that he was being

---

1. The Board's regulations define a "detainer sentence" as "[a] sentence to which a convict is subject following release from a sentence which the convict is currently serving." 37 Pa.Code § 61.1.

charged with violating condition number 7 of his parole, failing to "abide by rules and regulations of the institution." C.R. 38. Jones refused to sign the notice.

The Board conducted a violation hearing on August 27, 2007. Jones' attorney objected to the timeliness of the violation hearing and noted that no preliminary hearing had been conducted. Jones' parole agent, Deborah Patton, first offered a Department of Corrections memo dated May 10, 2007, indicating that Jones had been sanctioned for use of a dangerous or controlled substance. C.R. 75. Patton testified that the Board received a copy of the Department's memo on May 23, 2007, as indicated by the date stamp on the document. *Id.* Patton stated that the Board cannot hold a violation hearing until it receives official notice of a misconduct from the Department of Corrections, C.R. 62–63, and that, in this case, the Board would have had no knowledge of Jones' misconduct until it received the Department's memo on May 23, 2007. C.R. 56, 58. Patton testified that she submitted a memo to the Board on May 24, 2007, informing the Board of Jones' misconduct and was instructed on June 14, 2007, to schedule the violation hearing.

Following the hearing, the Board recommitted Jones as a technical parole violator by decision mailed September 7, 2007. Jones filed an administrative appeal, which was denied. Jones now petitions this Court to review the Board's final adjudication.

■ Before this Court,[2] Jones argues that the Board violated his due process rights by failing to conduct his violation hearing within 120 days of his preliminary hearing, as required under the Board's regulation at 37 Pa.Code § 71.2(10).[3] In support of his claim, Jones suggests that the misconduct hearing conducted by the Department of Corrections on March 1, 2007, was his "preliminary hearing" for purposes of the Board's regulation, and that because his violation hearing did not occur until more than 180 days later on August 27, 2007, it was untimely. We disagree.

■ The main problem with Jones' argument is that there is no authority for his suggestion that a misconduct hearing conducted by another agency, in this case the Department of Corrections, constitutes the preliminary hearing for purposes of the Board's procedures. In any event, Jones was not entitled to a preliminary hearing under 37 Pa.Code § 71.2. The procedures mandated by that regulation apply only to a parolee "not already detained after appropriate hearings for other technical violations or criminal charges." 37 Pa.Code § 71.2. As this Court has explained,

the primary purpose of the preliminary parole revocation hearing is to prevent unwarranted detention of the parolee ... If a prisoner is not being detained because of a parole violation charge, no parole preliminary hearing is constitutionally required.

The following procedures shall be followed if a parolee, not already detained after appropriate hearings for other technical violations or criminal charges, has been charged with a technical violation:

\* \* \*

(10) If a violation hearing is scheduled, it shall be held not later than 120 days after the preliminary hearing.

37 Pa.Code § 71.2(10).

**2.** This Court's scope of review of Board decisions is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether petitioner's constitutional rights were violated. *Leese v. Pennsylvania Board of Probation and Parole,* 131 Pa. Cmwlth. 448, 570 A.2d 641, 643 n. 1 (1990).

**3.** The regulation states, in pertinent part:

*Leese v. Pennsylvania Board of Probation and Parole,* 131 Pa.Cmwlth. 448, 570 A.2d 641, 644 (1990). We agree with the Board that it was not required to provide Jones with a preliminary hearing because he was already confined on his detainer sentence under the jurisdiction of the Department of Corrections. He did not suffer an additional loss of liberty or an unwarranted detention, and no due process concerns are raised by the facts presented.

We also agree with the Board that because its regulations do not specify a time limitation for a violation hearing if no preliminary hearing is required or held, the applicable standard is that the Board hold the violation hearing within a "reasonable time after the parolee is taken into custody." *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In this case, the Board lodged its warrant against Jones on July 9, 2007, for the alleged parole violation. The Board conducted his violation hearing 49 days later, on August 27, 2007. This is well within the two-month time period deemed reasonable in *Morrissey. Id.*

For all of the foregoing reasons, we affirm the Board's adjudication.

### ORDER

AND NOW, this 2nd day of June, 2008, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated October 24, 2007, is hereby AFFIRMED.