Brian **BUTLER**, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 2009.

Decided Feb. 24, 2010.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

John C. Manning, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Brian Butler (Butler) petitions for review from a final determination of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve his unexpired term of three years, one month, twenty-nine days as a convicted and technical parole violator.[1]

Butler was effectively sentenced on October 19, 1990, to a term of one year three months to four years eleven months for robbery with threat of serious injury. Butler was paroled on July 20, 1992. The Board declared Butler delinquent effective July 21, 1992. On August 3, 1992, Butler was arrested by the Tredyffrin Township Police Department and was charged with criminal conspiracy, terroristic threats, simple assault, disorderly conduct, and harassment.

On May 13, 1993, Butler was arrested in the State of Delaware and charged with seven counts of first degree robbery, felony theft, five counts of possession of a

---

1. This Court's review is limited to determining whether the Board's findings are supported by substantial evidence, are in accordance with the law, and whether constitutional rights have been violated. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). This Court will interfere with the Board's exercise of administrative discretion only where it has been abused or exercised in an arbitrary or capricious manner. *Green v. Pennsylvania Board of Probation and Parole,* 664 A.2d 677 (Pa. Cmwlth.1995).

deadly weapon during the commission of a felony, five counts of possession of a deadly weapon by a person prohibited, and six counts of misdemeanor theft. On July 21, 1994, pursuant to a plea agreement, Butler was convicted of four counts of robbery and three counts of possession of a deadly weapon during the commission of a felony. He was sentenced to a term of fifteen years.

On October 30, 1995, Butler pled guilty to terroristic threats and conspiracy on the Tredyffrin Township charges. The Court of Common Pleas of Chester County sentenced Butler to a term of two years six months to five years to run concurrent with the sentence he received in the State of Delaware.

On February 27, 2003, Delaware transferred Butler to the State Correctional Institution (SCI) at Huntington in Pennsylvania to serve the remainder of his Delaware sentence in Pennsylvania pursuant to the Interstate Corrections Compact (Compact).[2] Butler was transferred to Pennsylvania for his own safety. On May 25, 2005, Arthur R. Thomas (Thomas), assistant counsel for the Board, determined in a memorandum (Thomas Memorandum) that Butler was not available for a revocation hearing until he was returned to a Pennsylvania state correctional facility after he was no longer confined subject to the jurisdiction of the state of Delaware.

On September 24, 2008, Butler finished serving his Delaware sentence and remained incarcerated in a Pennsylvania SCI. On November 5, 2008, the Board held a revocation hearing. Butler objected to the timeliness of the revocation hearing because he had been incarcerated in a state correctional institution since 2003.[3] Supervisor Slowitzky presented evidence of the Chester County convictions and a packet of information from Delaware concerning the Delaware convictions. Butler admitted to the technical violation of failure to report.

In a decision recorded January 30, 2009, and mailed February 5, 2009, the Board recommitted Butler as a technical parole violator to serve his unexpired term of three years, one month, twenty-nine days and as a convicted parole violator to serve his unexpired term concurrent with the technical violation. The Board established a new maximum date of January 5, 2012.

Butler petitioned for administrative review and contended that the revocation hearing was untimely, the recommitment as a technical violator was beyond the presumptive range, the Thomas Memorandum was inadmissible, and the Board erred when it established his new maximum date.

The Board denied the request for administrative relief and stated:

---

**2.** Act of December 30, 1974, P.L. 1075, *as amended*, 61 P.S. §§ 1061–1063. These sections have been repealed by Act 33 of 2009 and are codified at 61 Pa.C.S. §§ 7101–7103.

**3.** Supervisor Julie Slowitzky (Supervisor Slowitzky) of the SCI–Greene staff responded and introduced the Thomas Memorandum and stated that the Board had to hold the revocation hearing within one hundred twenty days after he was released from Delaware's jurisdiction. Butler's attorney objected to the introduction of the Thomas Memorandum as hearsay. The hearing examiner overruled the objection on the basis that the Thomas Memorandum was essentially a response to a question from Parole Manager I Amy C. Stanton. The hearing examiner found they were both business records. A business record is an exception to hearsay. *See* P.R.E. 803(6). Butler raised the hearsay issue in his petition for administrative review before the Board. The Board agreed they were business records. Butler has not preserved the hearsay issue for review by this Court because he does not challenge the admissibility in the Statement of Questions Involved in his brief.

The Board determined that the November 5, 2008 revocation hearing was timely. The appeal panel agrees. Specifically, the panel determined that the Board was required to hold the hearing within 120 days of the date Mr. Butler was returned to the jurisdiction of the Pennsylvania Department of Corrections.... Here, Mr. Brooks [sic] was returned to a Pennsylvania State Correctional Institution in February 2003 under the Interstate Corrections Compact.... However, he was not under the jurisdiction of the Pennsylvania Department of Corrections until he completed his sentence from the State of Delaware on September 24, 2008. Thus, the November 5, 2008 revocation hearing was timely because it was held only 42 days after Mr. Butler was returned to the jurisdiction of the Pennsylvania Department of Corrections. Moreover, the panel has determined that evidence presented in support of the aforementioned facts was not hearsay.

Additionally, the presumptive recommitment range for Mr. Butler's violation of condition # 3A of his parole is three to six months.... Thus, the decision to recommit him to serve his unexpired term of 3 years, 1 month and 29 days (i.e. until 01/05/2012) does exceed the presumptive range for that violation. However, this error is *de minimus,* because Mr. Butler was also recommitted to serve his unexpired term for his new convictions of Robbery (4 counts), Possession of a Deadly Weapon in Commission of a Felony (3 counts) and Criminal Conspiracy–Terroristic Threats. The total presumptive range for those offenses is 24 to 238 months.... Thus, Mr. Brooks [sic] was recommitted well within the range for his direct parole violations. (Citations omitted).

Board Decision, April 16, 2009, at 1.

Again, Butler contends that the Board erred when it found his revocation hearing was timely held within one hundred twenty days after the Board knew and verified his return to a state correctional institution, that the Board abused its discretion when it recommitted him to serve an unexpired term beyond the presumptive range of backtime recommitment as a technical parole violator, and that the Board failed to credit him with forty-two days from the time of his completion of his Delaware sentence on September 24, 2008, to November 5, 2008, when he was incarcerated solely pursuant to a Pennsylvania detainer.

■ "When a parolee alleges that the [B]oard held a revocation hearing beyond the 120–day period ..., the [B]oard bears the burden of proving, by a preponderance of the evidence, that a timely revocation hearing was held." *Saunders v. Pennsylvania Board of Probation and Parole,* 130 Pa.Cmwlth. 612, 568 A.2d 1370, 1371 (1990). The Board must provide parolee a revocation hearing within a reasonable time. *Andrews v. Pennsylvania Board of Probation and Parole,* 97 Pa.Cmwlth. 605, 510 A.2d 394 (1986).

37 Pa.Code § 71.4(1) provides in pertinent part:

> [B]efore a parolee is recommitted as a convicted violator ... a revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows ... *if a parolee is confined outside the jurisdiction of the Department of Corrections,* such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Ram-*

*beau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility. (Emphasis added).

■ Butler asserts that because he was returned to the State Correctional Institution in Pennsylvania in 2003, his revocation hearing in 2008 was untimely.

Butler was returned to the state correctional institution in Pennsylvania in 2003, pursuant to the Compact. Article IV of the Compact provides in pertinent part:

(a) Whenever the duly constituted authorities in a state party to this compact, and which has entered into a contract pursuant to Article III, shall decide that confinement in, or transfer of an inmate to, an institution within the territory of another party state is necessary or desirable in order to provide adequate quarters and care of an appropriate program of rehabilitation or treatment, said officials may direct that the confinement be within an institution within the territory of said other party state, *the receiving state to act in that regard solely as an agent for the sending state.*

. . . .

(c) *Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state,* for transfer to another institution in which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or

for any other purpose permitted by the laws of the sending state; provided that the sending state shall continue to be obligated to such payments as may be required pursuant to the terms of any contract entered into under the terms of Article III. (Emphasis added).

61 P.S. § 1062(a) and (c).

The Board's regulation provides that "if a parolee is confined outside the jurisdiction of the Department of Corrections . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa.Code § 71.4. While Butler was returned to the state correctional facility on February 27, 2003, he was returned from Delaware pursuant to the Compact. Butler was returned for his own safety. The Compact provides that the receiving state acts solely as an agent for the sending state. Further, the Compact provides that the inmate confined in an institution pursuant to the Compact shall be subject to the jurisdiction of the sending state at all times. Here, Delaware was the sending state. Even after Butler was returned to a Pennsylvania state correctional institution, he remained under the jurisdiction of Delaware. Butler did not return to the jurisdiction of the Board until September 24, 2008, when his Delaware sentence was complete. The Board held Butler's revocation hearing on November 5, 2008, well within one hundred twenty days from September 24, 2008. The hearing was timely.[4]

---

4. Butler also asserts that the hearing on the technical violation was untimely because it was held more than one hundred twenty days from the date of his return to the Pennsylvania State correctional institution in 2003. The Board's regulation, 37 Pa.Code § 71.2, provides the procedure for violations of technical parole conditions. The regulation states that "The following procedures shall be fol-

lowed if a parolee, not already detained after appropriate hearings for other technical violations or criminal charges, has been charged with a technical violation. . . ."

In *Jones v. Pennsylvania Board of Probation and Parole,* 952 A.2d 710 (Pa.Cmwlth.2008), this Court determined that where a parolee is held for reasons other than a detainer on a technical violation a preliminary hearing is

Butler next contends that the Board abused its discretion when it recommitted him as a technical parole violator to serve the unexpired term of his sentence of three years, one month, twenty-nine days because the presumptive range for violation of Condition 3(a) for failure to report is three to six months. *See* 37 Pa.Code § 75.4.

■ When it denied Butler's request for administrative relief, the Board determined that Butler was correct that the Board erred when it recommitted him for the unexpired term but that the error was "de minimus" because he was also recommitted as a convicted parole violator for his new convictions of Robbery (4 counts), Possession of a Deadly Weapon in Commission of a Felony (3 counts) and Criminal Conspiracy–Terroristic Threats with a total presumptive range of 24 to 238 months for those offenses. A review of the Board's regulation, 37 Pa.Code § 75.2, reveals that the presumptive range for robbery is twenty-four to forty months, the presumptive range for possession of a deadly weapon in the commission of a felony is eighteen to twenty-four months, and the presumptive range for criminal conspiracy—terroristic threats is six to twelve months for a total presumptive range from twenty-four to two hundred forty-four months.[5] Therefore, Butler could have been recommitted and was as a convicted parole violator for his unexpired term.

This Court agrees with the Board that the concurrent recommitment as a technical parole violator for the unexpired term did not affect the duration of Butler's recommitment.

■ Butler next contends that he was entitled to forty-two days credit from the conclusion of his Delaware sentence on September 24, 2008, until the revocation hearing on November 5, 2008, because he was incarcerated solely on the Board's jurisdiction for this forty-two day period. In its brief, the Board agrees that Butler is entitled to credit for this time. Therefore, this Court shall remand to the Board to credit Butler with forty-two days.

Accordingly, this Court affirms in part and reverses and remands in part. This Court affirms the Board's recommitment of Butler for his unexpired term. This Court reverses the calculation of Butler's maximum date and remands for the Board to credit him with forty-two days and to calculate a new maximum date which reflects this credit.

### ORDER

AND NOW, this 24th day of February, 2010, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed in part and reversed and remanded in part. This Court affirms the recommitment of Brian Butler

---

not required. Also, in *Jones,* this Court determined that because the Board's regulations do not specify a time limitation for a violation hearing where no preliminary hearing is held that the violation hearing must be held within a reasonable time after the parolee is taken into custody. *Jones,* 952 A.2d at 712–713.

This Court has already determined that Butler was not returned to the jurisdiction of the Board until September 24, 2008, because he was serving his Delaware sentence. As such, the Board was not required to hold a preliminary hearing because he was already

detained on the Delaware sentence and the time constraints in 37 Pa.Code § 71.2 did not apply. His hearing was held on November 5, 2008, a mere forty-two days after his return to the Board's jurisdiction. The hearing was conducted in a reasonable time.

5. The total maximum of the presumptive range is six months greater than that calculated by the Board. The difference is irrelevant because either figure greatly exceeds the time for which Butler was recommitted as a convicted parole violator.

for the remainder of his unexpired term. This Court reverses the calculation of Brian Butler's maximum date, and this case is remanded to the Board so that it can afford him forty-two days credit and recalculate his maximum date to reflect that credit. Jurisdiction relinquished.